## EZRA NALLY *vs.* PETER LONG.

### *Warranty—Parol evidence.*

Where in an action for an alleged breach of warranty of a mortgage sold to plaintiff by defendant, there is no allegation of fraud or deceit in the declaration, and the written assignment endorsed on the mortgage contains no warranty, evidence that at the time of the execution of the assignment the defendant verbally warranted the mortgage to be a good lien on the property, is inadmissible.

APPEAL from the Circuit Court for Washington County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, BRYAN, and McSHERRY, J.

*Edward Stake,* for the appellant.

*H. H. Keedy,* and *George W. Smith,* for the appellee.

BRYAN, J., delivered the opinion of the Court.

Nally sued Long for an alleged breach of warranty. The declaration contained five common counts in *assumpsit* and a special count. The special count averred

that a certain John Reichard held a mortgage on the lands of one Jacob Newman, and that he assigned it to Long; and that in consideration that Nally would purchase the mortgage from Long, he warranted and represented to Nally that it was a good and valid subsisting first lien on the real estate therein mentioned; and that Nally confiding in the warranty did purchase the mortgage; but nevertheless it was not a good and valid lien as warranted. The evidence showed that the mortgage was dated and executed in May, 1864, but not recorded until February, 1868. The assignment from Reichard to Long was written on the mortgage, and dated April, 1874. That to Nally was also written on the mortgage, and was in the following terms : "For value received, I hereby assign and transfer the foregoing mortgage and the balance due thereon unto Ezra Nally, of Washington County.

"Witness my hand and seal this 13th day of October, in the year 1877. (Balance being $751.35, int. from Apl. 1, 1876.)

PETER LONG, [Seal.]

"Witness:—F. M. Darby."

The plaintiff offered to prove that at the time of the execution of the assignment, the defendant verbally warranted the mortgage to be a good lien on the property. The Court rejected the evidence and the plaintiff excepted. There is no allegation of fraud or deceit in the declaration filed in this case, it proceeds simply for a breach of warranty. The written assignment contains no warranty, and it must be taken as the authentic evidence of the meaning of the parties. *Dixon vs. Clayville, Adm'x*, 44 *Md.*, 578, and numerous other cases.

*Judgment affirmed.*

(Filed 18th December, 1889.)